**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL NOVOSELETSKY, an individual | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-6848 |
| Our Film Festival, Inc., a Delaware corporation, d/b/a/ Fandor | ) ) ) | JURY TRIAL DEMANDED |
| Defendant, | ) ) | |

**COMPLAINT**

COMES NOW Michael Novoseletsky, ("Mr. Novoseletsky" or "Plaintiff"), and for his cause of action of copyright infringement alleges as follows:

**PARTIES**

1. Plaintiff Michael Novoseletsky is an individual residing at 849 W Lakeside PL 1E, Chicago, IL 60640.

2. Defendant Our Film Festival, Inc. ("Defendant" or "Fandor") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 522 Washington Street, San Francisco, CA 94111. Defendant does business as Fandor.

3. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

4. Plaintiff seeks compensatory, treble, and/or statutory damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

1

**JURISDICTION AND VENUE**

5. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

6. Personal jurisdiction over Fandor and venue in this Court pursuant to 28 U.S.C. § 1391 are proper as, on information and belief, Defendant has regularly conducted business in this judicial district and has committed acts of copyright infringement by reproducing, distributing and displaying a copyrighted photograph to residents of this judicial district.

7. Defendant owns an interactive website that provides media content to subscribers. Upon information and belief, Fandor's subscribers include Illinois residents.

8. Upon information and belief, Defendant maintains a business partnership with "Kartemquin Educational Films" (hereinafter referred to as "Kartemquin"), which is a film distribution business residing in Chicago, Illinois.

9. Upon information and belief, Defendant and Kartemquin have maintained a partnership and conducted business since 2015 and Defendant continuously and systematically conducts business in Chicago, Illinois.

**GENERAL ALLEGATIONS**

10. Plaintiff, Michael Novoseletsky, is the owner of federal Copyright Registration No. VAu001136569 ("the '569 Registration"), for visual material. A true and correct copy of the '569 registration is attached as Exhibit A. An image protected by the '569 Registration ("Copyrighted Photo") is depicted below:

11. The '569 Registration issued on April 2, 2013. Ex. A. A true and correct copy of the Copyrighted Photo is attached as Exhibit B.

12. The Copyrighted Photo depicts a black and white portrait of Jonathan Banks.

13. Mr. Novoseletsky, markets his photography services through his website, www.michaelnovophotography.com.

14. Defendant owns and operates a website, www.fandor.com, that presents films to subscribers as well as operates a blog entitled "FandorNews" at blog.fandor.com and a digital magazine entitled "Keyframe" at www.fandor.com/keyframe/.

15. On or about January 31, 2016, without authorization from Mr. Novoseletsky or anyone on his behalf, Defendant copied the Copyrighted Photo from a website that had permission from Mr. Novoseletsky to display the Copyrighted Photo.

16. On information and belief, Defendant then downloaded the Copyrighted Photo from the authorized website to its server and later uploaded it to its personal Tumblr page. True and correct copies of screen captures of the Copyrighted Photo found on Fandor's Tumblr page are attached as Exhibit C.

17. The below screenshot is of the top of a webpage showing the URL address of Fandor's server upon which Fandor copied and saved the Copyrighted Photograph:



-3-

18. On or about January 31, 2016 Defendant displayed the Copyrighted Photo in its Keyframe digital magazine Tumblr as shown below.



19. As seen below, the image displayed by Defendant is identical to the Copyrighted Photo:




**Keyframe Tumblr Post**        **Original Copyrighted Photograph**

-4-

20. On January 31, 2016, Mr. Novoseletsky contacted Fandor and requested it remove the Copyrighted Photo and provide compensation for its unauthorized use. A true and correct copy of the January 31, 2016 correspondence is attached as Exhibit D.

21. On February 2, 2016, Defendant Fandor replied to Mr. Novoseletsky's notice and stated that it had removed the photograph, but did not acknowledge Mr. Novoseletsky's request for compensation. A true and correct copy of Fandor's February 2, 2016 response is attached as Exhibit E.

22. Shortly thereafter, Mr. Novoseletsky again contacted Fandor requesting payment for Fandor's unauthorized use of the Copyrighted Photo. A true and correct copy of the correspondence is attached as Exhibit F.

23. On March 10, 2016, Fandor responded in a letter to Mr. Novoseletsky, but refused to pay Mr. Novoseletsky the reasonable compensation requested for the unauthorized use of the Copyrighted Photo. A true and correct copy of the March 10, 2016 letter is attached as Exhibit G.

24. Defendant Fandor was and is a business that displays film content on its' website, and makes access to films available to its subscribers. Upon information and belief, Fandor pays film content owners revenue to display content on its website and to make access to those films available to its subscribers. To post the content it posts on its website and make access to films available to its subscribers, Fandor must have obtained the rights under the copyright laws from the copyright owners. Upon information and belief, Fandor is intimately familiar with the copyright laws of the United States and well aware that it is unlawful to copy photographs found on the internet and to publicly display those images

25. On information and belief, Defendant Fandor was at all times well aware that unauthorized use of images found on the internet constitutes copyright infringement.

26. Fandor had full knowledge that it was infringing the copyright in the Copyrighted Photo by uploading the Copyrighted Photo without authorization.

27. Fandor continually and repeatedly makes unauthorized copies of images found on the internet and uses them in its digital media with full knowledge that doing so constitutes copyright infringement,.

28. On information and belief, Fandor has not receive authorization from most of the owners of the photographs used in connection with its digital magazine and instead provides attribution to the owner in corresponding captions beneath most of the photographs of the posts.

29. Defendant reproduced, distributed, and publicly displayed a copy of the Copyrighted Photo in willful disregard of the copyright laws of the United States.

**COUNT I – COPYRIGHT INFRINGEMENT OF REG. NO. VAu001136569**

30. Mr. Novoseletsky repeats and incorporates the allegations contained in the preceding paragraphs.

31. Mr. Novoseletsky is the sole owner of all right, title and interest in and to the Copyright Registration, VAu001136569 protecting the Copyrighted Photo.

32. Defendant is not and was not authorized to reproduce, distribute, display or otherwise use the Copyrighted Photo.

33. On information and belief, Defendant has reproduced, distributed and publicly displayed the Copyrighted Photo.

34. Defendant's conduct has infringed Mr. Novoseletsky rights in the Copyrighted Photo.

35. Defendant's unauthorized use was intentional and a wanton act of copyright infringement.

36. Mr. Novoseletsky is entitled to recover actual damages from Defendant's acts of copyright infringement as herein alleged.

37. By reason of Defendant's aforesaid infringement of the rights in the Copyrighted Photo, Mr. Novoseletsky has sustained substantial damages in that the consuming public is mistakenly attributing the Copyrighted Photo to the Defendant depriving the Plaintiff of income he otherwise would have been able to receive from his Copyrighted Photo.

38. Mr. Novoseletsky is further entitled to recover from Defendant the profits Defendant has obtained as a result of its act of copyright infringement.

39. Alternatively, Mr. Novoseletsky is entitled to recover from Defendant statutory damages in an amount up to $150,000 per work that has been infringed.

40. Mr. Novoseletsky is also entitled to receive attorneys' fees incurred to recovery for Defendant's wanton infringement.

## RELIEF REQUESTED

WHEREFORE, Michael Novoseletsky pray for judgment against Defendant as follows:

A. For a permanent injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Plaintiff's copyrighted works;

B. For all damages to which Plaintiff is entitled, including Defendant's profits and Plaintiff's lost profits pursuant to 17 U.S.C. § 504(b);

C. Alternatively, at Plaintiff's election, for statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law;

D. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

E. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above;

F. Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums;

G. Awarding Plaintiff its reasonable costs and other expenses of litigation, including attorneys' fees; and

H. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

Dated: June 29, 2016          Respectfully submitted,

/s/ Barry F. Irwin, P.C.
Barry F. Irwin, P.C.
Adam J. Reis
IRWIN IP LLC
1333 Burr Ridge Parkway, Ste. 200
Burr Ridge, IL 60527
Telephone: 630-756-3101
Email: birwin@irwinip.com

*Attorney for Plaintiff Michael Novoseletsky*